UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RIKI PETER WINN, | ) | CASE NO. 1:06 CV 1361 |
| Petitioner, | ) ) | JUDGE JAMES S. GWIN |
| v. | ) ) | MEMORANDUM OF OPINION |
| STATE OF OHIO NORTHCOAST REHABILITATION, | ) ) ) | AND ORDER |
| Respondent. | ) ) | |

On June 2, 2006, petitioner pro se Riki Peter Winn, a prisoner at the Northcoast Rehabilitation Center, filed the above-captioned in forma pauperis habeas corpus action under 28 U.S.C. § 2254. While the petition is unclear, it appears to assert that Winn's civil rights have been violated regarding his medical treatment at the respondent institution.

Habeas corpus is not the appropriate vehicle for challenging the conditions of one's confinement. Okoro v. Scibana, No. 1322, 1999 WL 1252871 (6th Cir. Dec. 15, 1999); Rae v. Luttrell, No. 95-5453, 1996 WL 47104 (6th Cir. Feb. 5, 1996). Further, to the extent petitioner seeks relief other than release,

the appropriate action would be to file a civil rights complaint.[1]

Accordingly, the request to proceed <u>in forma pauperis</u> is granted, the petition for writ of habeas corpus is denied, and this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

Dated: August 16, 2006        <u>s/    James S. Gwin            </u>
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[1] In order to file a civil rights action, petitioner would be required to file a prisoner account statement so that the court would have sufficient financial information to assess and collect the $350 filing fee. 28 U.S.C. § 1915; <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997). Moreover, plaintiff would be required to exhaust any administrative remedy available at the institution before filing such a lawsuit with respect to the conditions of which he complains. 42 U.S.C. §1997e.